IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLEEN CUMMANE and GABRIELLE VAN ECK, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL LASER INSTITUTE, LLC ON DEMAND HEALTH AND BEAUTY MARKETING LLC, d/b/a LOUOLOGY, and LOUS SILBERMAN,<br><br>Defendants. | Case No. 1:25-cv-36 |

**INITIAL JOINT STATUS REPORT**

Plaintiffs and Defendants, by their undersigned counsel, submit the following Joint Status Report pursuant to the Minute Order entered March 5, 2025 (Docket #10).

**1.** **The Nature of the Case:**

**a. Identify (names and contact information) all attorneys of record for each party;**

Plaintiffs and the Putative Class

Laura Luisi
LuisiL@LuisiHolzLaw.com
Jamie J.R. Holz
holzj@luisiholzlaw.com
Luisi Holz Law
161 N. Clark Street, Suite 1600
Chicago, IL 60601
(312) 639-4478

Defendants

Marcos Reilly
mreilly@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin St,. Suite 2500
Chicago, IL 60606
(312) 704-3779

**b. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims;**

This is a putative class action for violations of the the Illinois Private and Vocational Schools Act of 2012 (Count I), Illinois Consumer Fraud Act (Count II), and common law fraudulent misrepresentation (Count III) and fraudulent concealment (Count IV), negligence (Count V), and unjust enrichment (Count VI). No counterclaims have been asserted, and no third-party claims are presently contemplated.

    **c.**    **Briefly identify the major legal and factual issues in the case; and**

Whether Defendants' marketed, offered, and conducted classes without the requisite legal authorization, and issued unlawful certificates of completion to graduates of those classes in contravention of the Illinois Consumer Fraud Act and Private Business and Vocational Schools Act; whether Defendants acted in concert to misrepresent the nature, status, quality, and value of NLI's courses and certificates; whether Defendants omitted or concealed material aspects of their courses or certificates from consumers to incite them to purchase their courses; whether Defendants' conduct and business, including offering, marketing, and conducting the courses at issue, and issue certifications of completion for the same, are regulated and controlled by the Illinois Private Business and Vocational School Act of 2012; whether Defendants' are required to be authorized by the Illinois Board of Higher Education to engage in such activity related to the courses and certificates of completion at issue; and, whether as a result of Defendants' conduct, they have engaged in unlawful activity that harmed Plaintiffs and the putative class, including deceptive and fraudulent advertising, negligence, and violations of the the Illinois Private Business and Vocational School Act of 2012 and the Illinois Consumer Fraud Act.

    **d.**    **State the relief sought by any of the parties.**

Plaintiffs seek certification of the proposed class of similarly situated individuals, actual, compensatory, treble, and punitive damages, interest, disgorgement, costs and fees, declaratory and injunctive relief, and any other relief determined to be appropriate by the Court.

**2.**    **Jurisdiction: Explain why the Court has subject matter jurisdiction over the Plaintiffs' claims.**

    **a.**    **Identify all federal statutes on which federal question jurisdiction is base**d;

28 U.S.C. § 1332(d)(2).

    **b.**    **If jurisdiction over any claim is based on diversity or supplemental jurisdiction:**

        **i.**    **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute);**

Plaintiffs' and the Class Members' claims encompass three years of NLI coursework with respect to certain claims, and four years with respect to others. NLI's "students" spend approximately $10,000 per course. NLI hosts 2-5 courses per month in Illinois with upwards of 15 students per course. Assuming NLI hosts 30 students per month, gross revenue from applicable coursework in one year exceeds $3 million. Moreover, this baseline of incurred damages is subject trebling based on Defendants' conduct under the Illinois Private Business and Vocational School Act of 2012, an award of punitive damages pursuant to the Illinois Consumer Fraud Act, as well as an award of attorneys' fees, all of which serve to satisfy the statutory minimum required.

Moreover, Defendants have not presented evidence concerning any objections to jurisdiction, which is within Defendants' possession, custody, or control.

Defendant disputes that the Plaintiffs have adequately pled the amount in jurisdiction. The complaint simply states that there is $5M at issue, with no explanation of how that amount is calculated. This may be a subject for discovery.

>   ii.  **Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. Note that individuals are citizens of the state where they are domiciled which may or may not be the state where they currently reside.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669, 670 (7th Cir. 2012).**

Plaintiffs are all citizens of Illinois. Defendants are all citizens of Arizona. As stated in the Answer, the LLC Defendants are wholly owned by the individual Defendant, Louis Silberman, a citizen of Arizona, and both are incorporated and have their principal place of business in Arizona.

>   iii. **A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.**

**3.  Status of Service:**

All Defendants have waived service and have appeared.

**4.  Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.**

Parties have been advised and there is no unanimous consent at this time.

**5.  Motions:**

>   a.  **Briefly describe any pending motions.**

No motions are currently pending. However, Plaintiffs intend to file a motion to strike Defendants' affirmative defenses absent amendment.

>   b.  **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants have answered.

6. **Case Plan:**

   a. **Submit a proposal for a discovery plan, including the following information:**

   i. **The general type of discovery needed;**

   Written and oral discovery from representative Plaintiffs and Defendant parties; class discovery; third-party discovery, including with respect to Defendants' employees, managers, and any purported medical directors/supervising physicians; Defendants' former employees, managers, purported medical directors/supervising physicians, and members; and Defendants' former students.

   ii. **A date for Rule 26(a)(1) disclosures;**

   May 1, 2025

   iii. **First date by which to issue written discovery;**

   June 2, 2025

   iv. **A fact discovery completion date;**

   October 1, 2025

   v. **An expert discovery completion date, including dates for the delivery of expert reports; and**

   December 1, 2025

   vi. **A date for the filing of dispositive motions.**

   January 15, 2026

   b. **With respect to trial, indicate the following:**

   i. **Whether a jury trial is requested; and**

   Yes.

   ii. **The probable length of trial.**

   7-10 days.

7. **Status of Settlement Discussions:**

   a. **Indicate whether any settlement discussions have occurred;**

4

Yes, settlement discussions have occurred.

b. **Describe the status of any settlement discussions; and**

The parties have agreed to engage in and are in the process of scheduling a private mediation to occur before April 16, 2025. The parties do not seek delay of these proceedings.

c. **Indicate whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

| | |
|---|---|
| /s/ Laura Luisi | /s/ Marcos Reilly |
| LuisiL@LuisiHolzLaw.com | mreilly@hinshawlaw.com |
| Luisi Holz Law | Hinshaw & Culbertson LLP |
| 161 N. Clark Street, Suite 1600 | 151 N. Franklin St,. Suite 2500 |
| Chicago, IL 60601 | Chicago, IL 60606 |
| (312) 639-4478 | (312) 704-3779 |